**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**,

        **Plaintiff,**

-vs-                                  **Case # 19-20821**

                                             **HON. NANCY EDMUNDS**

**NABIL CHEHADEH,**

        **Defendant.**
_____/

**SENTENCING MEMORANDUM FOR
DEFENDANT CHEHADEH**

**STATEMENT OF THE CASE**

On November 4, 2021, Nabil Chehadeh pled guilty to one count of conspiracy to commit wire and mail fraud in violation of 18 U.S.C. §1343. His plea was taken pursuant to a Rule 11 agreement that provided for a sentencing guideline range of 63-78 months. The Probation Department agreed with the range calculated by the parties.

Mr. Chehadeh was given permission by the Court to travel to Lebanon to visit his ailing father. Unfortunately, he has not returned to the United States as required and, on information and belief, has no intention to return in the future.

Mr. Chehadeh is scheduled to be sentenced in absentia on August 15, 2022 pursuant to FRCrimP 43(c) (1)(B).

## DISCUSSION

### I. Legal standard

This Court must correctly calculate and consider the guidelines in determining the sentence, *Gall v United States*, 552 U.S. 38 (2007), but it may also sentence beneath the guidelines in a particular case as long as the sentence is reasonable. *Kimbrough v United States*, 552 U.S. 85 (2007).

In these decisions, the Supreme Court has approved of the notion that the sentencing judge "has greater familiarity with an individual case and individual defendant than the Commission or the appeals court and is therefore in a superior position to find facts and judge their import under §3353(a) in each particular case." *Kimbrough*, *supra*, at 574, quoting *Gall*, *supra*.

This Court must consider the following from 18 U.S.C. §3553(a):

• the nature and circumstances of the offense;

• the history and characteristics of the defendant;

• the seriousness of the offense;

• the need to afford adequate deterrence;

• the need to protect the public from the defendant; and

• the need to avoid creating unwarranted sentence disparities.

Upon consideration of these factors, this Court should impose a sentence that is "sufficient, but not greater than necessary" to satisfy the purposes of sentencing: just punishment, promotion of respect for the law, deterrence, protection of the public, and rehabilitation of the defendant.

## II.  The nature and circumstances of the offense (§3553(a)(1))

There is no doubt that this case involves a massive fraud committed by multiple defendants, all of whom have pled guilty before the Court.  At the same time, this case is more than a little unusual for a number of reasons.

First, unlike every other health care fraud case that defense counsel has been involved in, the victims are neither Medicare, Medicaid, nor any health insurance company.  Instead, the victims in this case are pharmaceutical manufacturers which, while it does not diminish the extent of the crime at least means that it did not cost the taxpayers any money.

Second, although the defense agrees with the loss amount contained in the Rule 11 agreement, it is important to note that Mr. Chehadeh did not receive anywhere near that amount of money.[1]  Rather, the loss amount as to Mr.

---

[1] As indicated in the forfeiture section of the Rule 11 agreement, Mr. Chehadeh is being held responsible for $455,657.99, the amount that he personally obtained as a result of his participation in the fraud.

Chehadeh results from the fact that a number of the phony "pharmacies" that received large amounts of money were set up in his name.

Another mitigating circumstance occurred when Mr. Chehadeh received a $50,000 check that was mailed to him after his indictment. Mr. Chehadeh immediately notified defense counsel, and the check was then sent to the government.

### III.  The history and characteristics of the defendant

The history and characteristics of Mr. Chehadeh are summarized in the pre-sentence report. Mr. Chehadeh has been married for sixteen years and has three children. Perhaps the most unfortunate aspect of his failure to return for sentencing is that, on information and belief, his wife has no intention of joining Mr. Chehadeh in Lebanon with their children, who are thriving here in the United States.

### IV.  Cooperation

Mr. Chehadeh cooperated with the government from the outset of the case. He provided truthful answers to questions posed by the FBI during an interview and identified a pharmacist who participated in the conspiracy and was paid $10,000 per month for doing so.

He also cooperated by turning over the aforementioned $50,000 check to the

government with the assistance of defense counsel.

### V.  Summary

Perhaps the saddest thing about this case is the effect Mr. Chehadeh's remaining in Lebanon will have on his wife and children.  It is hard to imagine any husband or father leaving the country where his family resides knowing that the likelihood of living with them together is basically nil.  That is something Mr. Chehadeh and his family will have to live with in the future.

Had Mr. Chehadeh not violated his bond conditions by staying in Lebanon after being given permission to go there to visit his ailing father, his history and characteristics coupled with his cooperation would have in all likelihood led the Court to impose a sentence well beneath the guideline range.  Since he did not return, defense counsel leaves the prospective sentence entirely up to the Court.

    Respectfully submitted,

    s/Steven Fishman
    Steven Fishman (P23049)
    Attorney for Defendant Chehadeh
    615 Griswold, Suite 1120 Detroit MI
    (313) 920-2001
    Email: sfish66@yahoo.com

## CERTIFICATE OF SERVICE

This is to certify that on August 2, 2022, I served a copy of the attached sentencing memorandum upon Ryan Particka, AUSA, by filing same electronically.

s/ Steven Fishman  
Steven Fishman
